# United States Court of Appeals for the Federal Circuit

98-5081

REV.FR. PRISCO ENTINES,
ELEAZAR P. ANDOQUE and OLYMPIA A. SAARENAS,

                              Plaintiffs-Appellants,

v.

UNITED STATES,

                              Defendant-Appellee.

## JUDGMENT

ON APPEAL from the        United States Court of Federal Claims

In CASE NO(S).           96-CV-740

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:     <u>AFFIRMED</u>.

ENTERED BY ORDER OF THE COURT

DATED  JAN 1 4 1999

Jan Horbaly, Clerk

ISSUED AS A MANDATE: MARCH 8, 1999

154-96-740
CB

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 01/14/99

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing in banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the Petitioner(s) in favor of the Respondent(s) under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Exhibits and visual aids shall be promptly retrieved by the party that lodged them with this court.

JAN HORBALY
Clerk

cc: EMETERIO G. ROA, III
    LARA LEVINSON

ENTINES V US, 98-5081
CFC - 96-CV-740

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record. The disposition will appear in tables published periodically.

# United States Court of Appeals for the Federal Circuit

98-5081

REV.FR. PRISCO ENTINES,
ELEAZAR P. ANDOQUE and OLYMPIA A. SAARENAS,

                              Plaintiffs-Appellants,

v.

UNITED STATES,

                              Defendant-Appellee.

DECIDED: January 14, 1999

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

Rev. Fr. Prisco Entines and the other plaintiffs are Filipino veterans who fought under United States command in World War II, or their survivors. They appeal the decision of the United States Court of Federal Claims,[1] which held that the plaintiffs' claims were barred by the applicable six-year statute of limitations.

---

1    Entines v. United States, 39 Fed. Cl. 673 (1997).

Although it was known during and after World War II that the rates of pay were unequal, proposed executive or legislative remedies never came to pass. This suit was filed on November 22, 1996, on various legal theories including entitlement to back pay, takings and just compensation, and breach of express or implied contracts. The continuing claims doctrine was raised, including issues of the continuing effect of the pay disparity on veterans' benefits.

On granting the government's motion for dismissal on limitations grounds, the Court of Federal Claims held that the claims accrued more than six years before this suit was filed, that there was no basis for tolling the statute of limitations, and that the continuing claims doctrine does not apply. We have carefully considered the issues and arguments, and conclude that the Court of Federal Claims correctly decided the case. That decision is <u>affirmed</u>, for the reasons explained by the Court of Federal Claims.