UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PRISCO E. ENITNES, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 06-477 (RMC) <br> ) |
| UNITED STATES OF AMERICA, | ) <br> ) |
| Defendant. | ) <br> ) |

**ORDER**

This matter is before the Court on Defendant's motion to dismiss the complaint [Dkt. #6]. That motion was filed on December 4, 2006. About three weeks later, on December 26, 2006, Plaintiff Prisco E. Entines,[1] proceeding pro se, filed an untimely motion seeking an extension of time, until January 23, 2007, to oppose Defendant's motion to dismiss [Dkt. #7]. Defendant consented to the extension. In support of his motion, Plaintiff noted that Defendant's motion to dismiss strained his resources and expertise, and that he was in the Philippines seeking support for his cause. Plaintiff indicated that he was due to return to the United States on December 26, 2006. The Court has not yet acted on Plaintiff's motion to extend time, and Plaintiff has not yet filed an opposition to Defendant's motion to dismiss.

Although Plaintiff already seems aware of his obligation to file a timely response to Defendant's motion to dismiss, because he is proceeding pro se the Court advises him of the following. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a

---

[1] Although Plaintiff's surname is spelled "Enitnes" in the caption of his complaint, this appears to be a typo, as it is spelled "Entines" in the text of the complaint and in the caption of Plaintiff's motion for extension of time. The Court will use "Entines," which appears to be the correct spelling.

dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b). Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Extend Time[2] [Dkt. #7] is granted, nunc pro tunc, and it is

**FURTHER ORDERED** that Plaintiff shall respond to Defendant's Motion to Dismiss [Dkt. #6] by **March 7, 2007**. If he does not respond by that date, the Court will treat Defendant's Motion to Dismiss as conceded and may dismiss the complaint or the case in its entirety.

**SO ORDERED**.

Signed: February 13, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge

copy to:
Prisco E. Entines
419 N. Mountain View Ave. #207
Los Angeles, CA 90026

---

[2] To the extent that Plaintiff's motion for an extension of time might be construed to include a request that the Court appoint pro bono counsel, *see* Pl.'s Mot. at 2 ¶ 3, that request is denied without prejudice.