UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PRISCO E. ENTINES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-477 (RMC) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND
RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Plaintiff's opposition utterly ignores his prior litigation in the United States Court of Federal Claims on the same issues he presents here. The earlier case bars this case and requires its dismissal. Plaintiff's apparent belief that his claim is viable is not enough to overcome the principles of *res judicata*. Moreover, although the title of his submission indicates that he may intend to amend the complaint, no proposed pleading has been served on defendant's counsel, and no amount of recasting these claims would allow this case to continue. Accordingly, defendant's motion should be granted.

Plaintiff is conducting this battle on two fronts. See Civil Action Complaint for Docket No. 06-193 (TCW) (filed on March 10, 2006 and attached as Exhibit 5 to Def.'s Mem. of Points & Auth.). In the Court of Federal Claims, where he filed before coming into this Court, plaintiff has been appointed an attorney from the law firm of Jenner & Block, LLP.[1] The Court of

---

[1] There are four other cases presenting similar claims (Dockets 06-205; 06-434; 06-442; and 06-449), and the same counsel is apparently representing all five plaintiffs.

Federal Claims recently denied the government's constructive motion for a more definite statement.  See also Pl.'s Opp. at 11.  Because plaintiff filed in the Court of Federal Claims, principles of comity between and among the federal courts dictate that this case should be dismissed or stayed.  The well-established rule is that, in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.  See Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985); Minnesota Mining & Manufacturing Co. v. Rynne, 661 F.2d 722 (8th Cir. 1981).  As explained by this Circuit, "[w]here two cases between the same parties on the same cause of action are commenced in two different federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first."  Washington Metropolitan Area Transit Authority v. Ragonese, 617 F.2d 828, 830 (D.C. Cir. 1980).[2]  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issue that call for a uniform result."  West Gulf Maritime. at 729; see also Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-20 (1976).[3]

---

[2] See also Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997) (first-filed rule should be followed where there is "substantial overlap" of issues, and not merely identity of issues or parties); Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993) ("To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.").  The rule avoids interference among courts and recognizes the comity between them.  See Save Power, 121 F.3d at 950; West Gulf Maritime v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985) ("The federal courts long have recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs.").

[3] This concern applies where related cases are pending before two judges in the same district, as well as where related cases have been filed in different districts.  Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1161 n.28 (5th Cir. 1992).  See also Church

Even assuming that both this Court and the Court of Federal Claims possess jurisdiction, which is dubious in light of plaintiff's previous, substantially identical litigation in 1996, there are no circumstances—compelling or otherwise—that justify continuing this action in favor of the earlier-filed Court of Federal Claims case.[4]  Though the first filed rule is not mechanically applied, see Columbia Plaza Corp. v. Security National Bank, 525 F.2d 620, 627 (D.C. Cir. 1975), the principle of comity among the federal courts and the goal of efficient judicial administration are brought squarely into play in the circumstances present here.  First, there is an identity of parties in the Court of Federal Claims case and the case at bar.  Second, there is a substantial overlap of issues in the two cases.  The question before both courts is whether plaintiff's father's military service in World War II entitles plaintiff to citizenship or money or both.  The existence of the pending case in the Court of Federal Claims presents this Court with the option of either dismissing this case or staying it under the Court's inherent powers.  See Trippe Mfg. Co. v. American Power Conversion, 46 F.3d 624, 629 (7th Cir. 1995) (quoting Kerotest Mfg, 342 U.S. at 183 ("[a] district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation")).[5]  As shown in defendant's motion to dismiss, the bar of *res judicata* flowing from

---

of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979) ("the first to file rule . . . should not be disregarded lightly"); Midwest Motor Express, Inc. v. Central States S.E. & S.W. Areas Pension Fund, 70 F.3d 1014, 1017 (8th Cir. 1995) (suggesting that only "compelling circumstances" might require disregarding the first-filed rule), cert. denied, 517 U.S. 1203 (1996); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) (same).

[4] Plaintiff cites 28 U.S.C. § 1346(a)(2) which creates concurrent jurisdiction for claims against the United States of up to $10,000.

[5] See also First City Nat. Bank & Trust v. Simmons, 878 F.2d 76, 79-80 (2d Cir. 1989) (affirming dismissal of second action under the first-filed rule); Alltrade, Inc. v. Uniweld Prods.,

plaintiff's 1996 litigation in the Court of Federal Claims and the absence of a valid waiver of sovereign immunity weigh heavily in favor of dismissal.

Plaintiff's opposition throws out several potential sources of a claim, most of which were dealt with in defendant's motion.  Of note, however, plaintiff attempts to resort to the Seventh Amendment, but it does not create subject matter jurisdiction.  See Pl.'s Opp. at 2.  Contrary to plaintiff's belief, the seventh amendment creates no constitutional right to a jury trial in actions against the federal government.  Instead, any such right must rest on statute.  This result follows from the fact that, because suits against the government require a legislative waiver of sovereign immunity, they do not qualify as "suits at common law" within the meaning of the seventh amendment.  See Birnbaum v. United States, 588 F.2d 319, 335 (2d Cir. 1978) (and cases cited therein).  Plaintiff fares no better with analysis under the Fourteenth Amendment because it also fails to constitute a waiver of sovereign immunity by itself.  See Pl.'s Opp. at 5.

Otherwise, defendant's motion already addressed the reasons why 28 U.S.C. § 1331 (Pl.'s Opp. at 5), the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (id.), do not provide for a cause of action here.  Plaintiff fails to distinguish the caselaw cited by defendant, and effectively concedes the defendant's argument.[6]

---

Inc., 946 F.2d 622, 628 (9th Cir. 1991) (district court should have stayed second action rather than dismissing it because application of 15 U.S.C. § 1501 could have deprived the first-filed court of jurisdiction).

[6] "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002).

One of plaintiff's main contentions is that other groups of non-citizens from the Commonwealth of the Northern Mariana Islands and Puerto Rico have been treated differently with regard to access to U.S. citizenship and, to plaintiff's way of thinking, unconstitutionally. Such matters are subject to broad legislative discretion not easily overturned in the courts. Indeed, in the case cited by plaintiff (Pl.'s Opp. at 9), United States v. Pollard, 209 F.Supp.2d 542 (D.V.I. 2002), rev'd, 326 F.3d 397 (3d Cir. 2003), cert. denied, 540 U.S. 932 (2003), the Third Circuit recognized that laws controlling immigration and citizenship are generally subject to rational basis scrutiny and, as such, are presumed to be valid. United States v. Pollard, 326 F.3d at 406-410. The Third Circuit faulted the district court for making the kind of inquiry plaintiff seeks here. Id. at 409 ("The District Court conducted an improper investigation into whether the Virgin Islands should be viewed differently from other places in the U.S. for purposes of controlling illegal immigration."). In emphasizing how little is required by the rational basis test, the Third Circuit also reminded the district court that the reasons for treating different groups differently do not have to be stated at the time the law is enacted, and that the relevant question is only whether "Congress could have conceivably thought that the Virgin Islands differed. The answer is clearly yes." Id. at 409.[7] The same holds true for the Phillippines.

---

[7] The other case cited by plaintiff, Sabangan v. Powell, 375 F.3d 818 (9th Cir. 2004), held that a specific provision of the Covenant between the Commonwealth of the Northern Mariana Islands ("CNMI") and the United States made citizens of the CNMI. That provision specifically stated that Section 1 of the Fourteenth Amendment applies "within the Northern Mariana Islands." Id. at 819. Plaintiff is not from the CNMI, and references no equivalent language in any statute or other document associated with the Phillippines. Thus, nothing in Sabangan provides plaintiff with any entitlement to citizenship. In Sabangan, the plaintiffs had applied for U.S. passports and been rejected. Id. at 819.

Because defendant has not filed an answer, plaintiff has a right to amend his pleading once without defendant's consent or leave of the Court. See Fed. R. Civ. P. 15(a). However, even if plaintiff submits an amended complaint, unless it contains a different nucleus of operative facts or identifies an entirely new waiver of sovereign immunity, amendment would be futile. To whatever extent plaintiff has or is permitted to amend the existing complaint, defendant respectfully requests that the Court consider its pending dispositive motion with respect to the operative pleading from plaintiff. See Nix v. Hoke, 62 F. Supp. 2d 110, 115 (D.D.C. 1999) (where motion to dismiss was pending when plaintiff amended his complaint, "the court may consider [the motion to dismiss] in reviewing the amended complaint. . . ."), citing Clarry v. United States, 85 F.3d 1041, 1045 (2d Cir. 1996).[8]

In the end, the decision in plaintiff's previous litigation against the United States, Entines v. U.S., 185 F.3d 881 (Fed. Cir. Jan 14, 1999) (table) (copy attached as Exhibit 4 and available at No. 98-5081, 1999 WL 133052), cert. denied, 526 U.S. 1117 (1999), requires dismissal of this action. Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999); Carter v. Rubin, 14 F. Supp.2d 22, 34 (D.D.C. 1998). He simply may not re-litigate claims here which have previously been found lacking in jurisdiction and outside of the applicable statutes of limitation.

---

[8] See also Holmes v. National Football League, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996) (court decided defendants' motion to dismiss with respect to claims raised in amended complaint which was filed after defendants' motion to dismiss was already pending); Datastorm Technologies, Inc. v. Excalibur Comm., Inc., 888 F. Supp. 112, 114 (N.D. Cal. 1995).

**Conclusion**

For all of these reasons, and those set forth in defendant's motion to dismiss, defendant respectfully requests that the Court dismiss this case in its entirety.

Dated: May 14, 2007.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 14th day of May, 2007, a true and correct copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** order was served upon pro se plaintiff by first class United States mail, postage prepaid marked for delivery to:

Rev. Fr. Prisco E. Entines
419 North Mountain View Ave - #207
Los Angeles, California 90026

                                                 /s/
                                                 JANE M. LYONS, D.C. Bar # 451737
                                                 Assistant United States Attorney
                                                 United States Attorney's Office
                                                 Civil Division
                                                 555 4th Street, N.W. - Room E4822
                                                 Washington, D.C.  20530
                                                 (202) 514-7161