UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISCO E. ENTINES,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-477 (RMC)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

The Plaintiff here, as the survivor or dependent of a Filipino veteran who fought in the Second World War, asks this Court to grant him relief based on the lower wages paid to Philippine service members who fought with U.S. soldiers during the War and the denial of U.S. veteran's benefits to his father. *See* Pl.'s Compl. ¶¶ 28, 32, 36.

For relief, Plaintiff requests U.S. citizenship for himself, his deceased parents, and his siblings. Compl., Prayer for Relief ¶ 5. Plaintiff also requests that this Court order the United States to pay him and his mother the difference in back pay and other benefits between the amounts of pay his father actually received and the amounts paid to U.S. service members during World War II. Compl., Prayer for Relief ¶¶ 6-10. Mr. Entines also asks this Court to order the United States to pay for a life insurance policy, attorney's fees, and exemplary, punitive and other damages. Compl., Prayer for Relief ¶¶ 12-13.

Plaintiff is currently conducting this battle on two fronts: here in the District Court, filed March 13, 2006 (*See* Compl. [Dkt. #1]), and also in the Court of Federal Claims, filed March

10, 2006. *Entines v. United States*, No. 06-193 C (Fed. Cl., filed Mar. 10, 2006); *see also* Def.'s Mot. to Dismiss, Ex. 5.[1] This Court will dismiss the instant Complaint. It is unnecessarily duplicative of the pending case in the Federal Claims Court.

The historical background to the Complaint is not relevant to its disposition by this Court. What is relevant is that Plaintiff filed a similar complaint first in the Court of Federal Claims, where he has been appointed counsel from the law firm of Jenner & Block, LLP. *See* Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply") at 1. Apparently the same counsel is representing Mr. Entines and other plaintiffs in four suits presenting similar claims. *Id.* at n.1.

The well-established rule is that, in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-5 (9th Cir. 1982); *Great N. Ry. Co. v. Nat'l R.R. Adjustment Board*, 422 F.2d 1187, 1193 (7th Cir. 1970). This Circuit follows the same pattern. *Washington Metro. Area Transit Authority v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (noting that "[w]here two cases between the same parties on the same cause of action are commenced in two different federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first."); *see also Save Power Ltd. v.*

---

[1] In addition, Mr. Entines filed a Complaint in the United States Court of Federal Claims previously on November 22, 1996, as a class action of "Filipino veterans who fought under the United States Armed Forces during the Second World War as members of the Philippine Commonwealth Army called into service by the United States government on July 26, 1941, as well as members of guerilla resistance units organized in the Philippines … [and] survivors and dependents of these veterans." *See* Def.'s Mot. to Dismiss, Ex. 1 (No. 96-740C Fed. Cl. Compl.). The claims were dismissed by the Court of Federal Claims on December 16, 1997, and that decision was affirmed by the United States Court of Appeals for the Federal Circuit. *See Entines v. United States*, 39 Fed. Cl. 673 (Fed. Cl. 1997); *see also Entines v. United States*, 185 F.3d 881 (Fed. Cir. 1999) (table); Def.'s Mot. to Dismiss, Ex. 4; *Entines v. United States,* 526 U.S. 1117 (1999) (Supreme Court denying certiorari).

*Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985); *see also Washington Metro. Transit Authority*, 617 F.2d at 828 (noting that "[c]onsiderations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously.")

Though the first-filed rule is not mechanically applied, *see Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.2d 620, 627 (D.C. Cir. 1975), there is no reason not to apply its principles here. There is an identity of parties in the case before the Federal Court of Claims and here. There is a substantial overlap of issues in the two cases: the question before both courts is whether Plaintiff's father's military service in World War II entitled Plaintiff to citizenship or money or both. Plaintiff cites 28 U.S.C. § 1346(a)(2), which creates concurrent jurisdiction in both courts for claims against the United States of up to $10,000. *See* Pl.'s Opp. to Mot. to Dismiss [Dkt. #11] at 12-13. If Plaintiff's claims have merit, it is highly likely that any recovery would be greater than that amount and outside the jurisdiction of this Court. For this latter reason, the Court will not merely stay the action in district court.

The Court has "'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion*, 46 F.3d 624, 629 (7th Cir. 1995) (quoting *Kerotest Mfg.,Co. v. C-O-Two Fire Equipment, Co.,* 342 U.S. 180, 183-84 (1952)). The Court of Federal Claims is actively wrestling with the issues presented by this Plaintiff and others. In those suits the Plaintiffs have

appointed counsel. The possibility of inconsistent results cannot be ignored. Far better for the litigation to proceed in a single location.

The Court will dismiss this case based on principles of comity between and among the federal courts and because the first case was filed in the Court of Federal Claims. Given this disposition, the Court does not address the arguments to dismiss on the merits advanced by the Government. A memorializing order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: July 26, 2007